**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4522-17T2

ROCKLAND ELECTRIC
COMPANY,

     Plaintiff-Appellant,

v.

DIRECTOR, DIVISION OF
TAXATION,

     Defendant-Respondent.

_____

Argued June 4, 2019 – Decided June 24, 2019

Before Judges Messano, Gooden Brown and Rose.

On appeal from the Tax Court of New Jersey, Docket No. 8111-2016, whose opinion is reported at 30 N.J. Tax 448 (Tax 2018).

Alysse McLoughlin argued the cause for appellant (McDermott Will & Emery LLP, attorneys; Alysse McLoughlin, on the briefs).

Michael J. Duffy, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant

Attorney General, of counsel; Michael J. Duffy, on the brief).

PER CURIAM

Plaintiff Rockland Electric Company appeals from the April 30, 2018 Tax Court order, granting defendant Director, Division of Taxation, summary judgment, and denying plaintiff's motion for summary judgment. In a written opinion, Judge Vito L. Bianco accepted defendant's position that the Transitional Energy Facility Assessment (TEFA) add-back provision embodied in N.J.S.A. 54:10A-4.1,[1] which allowed the TEFA to be deducted for federal income tax purposes, required that the TEFA be added back to entire net income (ENI) for the purpose of calculating State corporate business tax (CBT) liability pursuant to the CBT add-back provision, N.J.S.A. 54:10A-4(k)(2)(C),[2] requiring that certain taxes paid be added back when calculating ENI.

---

[1] N.J.S.A. 54:10A-4.1 provides:

> Notwithstanding the use of the term assessment, the [TEFA] is a State tax within the meaning of . . . 26 U.S.C. [§] 164, pursuant to which a deduction is allowed in arriving at federal taxable income for the taxable year within which it is paid or accrued and such amount shall be added back to entire net income pursuant to [N.J.S.A. 54:10A-4(k)(2)(C)].

[2] N.J.S.A. 54:10A-4(k)(2)(C) provides:

On appeal, arguing principles of statutory interpretation and relying on PPL Electric Utilities Corporation v. Director, Division of Taxation, 28 N.J. Tax 128 (Tax 2014), Duke Energy Corporation v. Director, Division of Taxation, 28 N.J. Tax 226 (Tax 2014), and Ross Fogg Fuel Oil Company v. Director, Division of Taxation, 22 N.J. Tax 372 (Tax 2005), plaintiff renews its challenge to defendant's interpretation of the TEFA and CBT add-back provisions. However, like the Tax Court judge, we reject plaintiff's challenge, and affirm substantially for the reasons expressed in Judge Bianco's May 9, 2018 corrected opinion, reported at 30 N.J. Tax 448 (Tax 2018).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

(2) [ENI] shall be determined without the exclusion, deduction or credit of:

. . . .

(C) Taxes paid or accrued to the United States, . . . or subdivision thereof, on or measured by profits or income, or business presence or business activity, or the tax imposed by this act, or any tax paid or accrued with respect to subsidiary dividends excluded from [ENI] as provided in paragraph (5) of subsection (k) of this section.

3

A-4522-17T2